IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02657-WYD-KLM

HOMER K. WARNER,
BETTY S. WARNER, and
COREY WARNER,

    Plaintiffs,

v.

CITIMORTGAGE, INC., Div. of City Group, Inc.,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Notice of Its Unilateral Submission of Proposed Scheduling Order and Motion for Award of Attorneys' Fees Incurred as a Result of Plaintiffs' Failures to Follow the Federal Rules and This Court's January 4, 2012 Order** [Docket No. 17; Filed February 17, 2012] (the "Motion"). The Motion does not comply with D.C.COLO.LCivR 7.1A. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. First, the Court reminds the parties that Rule 7.1A. requires meaningful negotiations; thus, the Rule is not satisfied by one party sending the other party a single email, letter or voicemail. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). Second, defense counsel's submission of the proposed scheduling order was admirable and not required by the Local Rules of this District. *See* D.C.COLO.LCivR 16.1 ("Plaintiff shall prepare the proposed scheduling order, unless counsel or the pro se parties have agreed otherwise."). However, defense counsel could not reasonably have incurred substantial additional time or expense to his client in doing so than would reasonably have been incurred in conferring with Plaintiffs' counsel and providing Defendant's portions of the proposed scheduling order. Defense counsel took on very little extra work in submitting the proposed scheduling order. An award of attorney's fees is not justified in these circumstances.

    Plaintiffs' counsel is reminded of his obligations pursuant to the applicable Federal and Local Rules and forewarned that future failures to meet those obligations may result in the imposition of sanctions.

    Dated: February 21, 2012